IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| CEDRIC WOODS,  #265789, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:11-1353-JMC-JRM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| JOHN PATE, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Cedric Woods ("Woods"), is an inmate with the South Carolina Department of Corrections serving a sentence of thirty years for first degree burglary, ten years (consecutive) for assault and battery of a high and aggravated nature ("ABHAN"), twenty years (concurrent) for attempted armed robbery, and thirty years (concurrent) for kidnapping. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 1, 2011.[1] Respondent filed a return and motion for summary judgment on September 22, 2011. Because Woods is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on September 23, 2011 explaining to him his responsibility to respond to the motion for summary judgment. Woods filed responses to Respondent's motion on October 27, 2011 and July 9, 2012.

---

[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988).

## Background and Procedural History

The charges against Woods resulted from a break-in of an apartment in Aiken County which occurred on June 12, 1999. A mental competency hearing was held on April 14, 2000. (App. 2). Woods was found guilty on April 19, 2000. He was represented at trial by John W. Harte, Esquire.

An Anders[2] brief was filed by the South Carolina Office of Appellate Defense raising the following issues:

1. Whether the court had jurisdiction to convict appellant of assault and battery of a high and aggravated nature on an indictment for criminal sexual conduct first degree?

2. Whether the court abused its discretion when it failed to grant appellant a continuance in order to obtain scientific medical testing in support of his defense?

Pursuant to state procedure, Woods filed a *pro se* brief raising the following issues:

Did the trial court err in broadenin[g] the scope of the indictment; denying appellant's motion for a directed verdict and lack subject matter jurisdiction to sentence appellant under the burglary first degree indictment where a material variance existed between the evidence offered at trial and the allegations presented in the indictment?

Did the trial court lack subject matter jurisdiction to convict and sentence appellant for ABHAN under a CSC 1st Degree indictment where ABHAN is not a lesser included offense of CSC 1st Degree?

Did the trial court in err in law not granting a directed verdict on the charge of attempted armed robbery?

Woods also filed an amendment to his *pro se* brief arguing that the trial court's jury instruction on first degree burglary was erroneous. The South Carolina Court of Appeals dismissed Woods' appeal. *See* State v. Woods, Unpub.Op.No. 2002-UP-731 (ct.App. Filed November 25, 2002). The Remittitur was returned on December 30, 2002.

---

[2]Anders v. California, 386 U.S. 738 (1967).

Woods filed a *pro se* application for post-conviction relief on November 6, 2003. (App. 544). An attorney was appointed to represent Woods, but he was relieved and Amy Shumpert, Esquire was appointed. (App. 593). Ms. Shumpert filed an amended PCR. An evidentiary hearing was held on February 9, 2005. (App. 595). The PCR court issued an order of dismissal on April 1, 2005. (App. 633). Ms. Shumpert filed a notice of appeal. The South Carolina Office of Appellate Defense moved to be relieved since Woods raised ineffective assistance of appellate counsel in his PCR appeal. The motion was granted and Ms. Shumpert was appointed. Woods then moved to have Ms. Shumpert relieved so that he could proceed *pro se*. Eventually Woods' motion was denied and Ms. Shumpert continued representation. Ms. Shumpert filed a petition for writ of certiorari raising the following issues:

1. The trial court lacked subject matter jurisdiction to sentence petitioner for attempted armed robbery and burglary 1st degree where the jury found petitioner not guilty of possession of a deadly weapon during the commission of a violent crime.

2. Petitioner's trial counsel was ineffective in failing to adequately investigate the case and in failing to object to the jury instructions.

3. Petitioner's appellate counsel was ineffective in failing to brief certain non frivolous issues for review.

4. The order of dismissal with prejudice does not contain sufficient finding of fact and conclusions of law.

The petition for writ of certiorari was denied on December 13, 2007. The Remittitur was returned on January 2, 2008. Woods' *pro se* motion to recall the Remittitur was denied on January 16, 2008.

Woods filed additional PCRs on June 4, 2007 and August 28, 2007. By order dated November 29, 2007, the two PCRs were merged into one. On May 15, 2008 Woods filed an "actual innocense" PCR which was construed as an amendment to the pending, consolidated PCR. A hearing

was held on July 13, 2010. Woods was represented by James E. Whittle, Esquire at the hearing. The PCR court issued an order of dismissal on August 26, 2010. The PCR court found that Woods' combined PCRs were both successive and untimely pursuant to S.C.Code Ann. § 17-27-90. The court further found that none of Woods' claims qualified as "newly discovered" pursuant to S.C.Code Ann. § 17-27-90. An appeal was filed by counsel. It was dismissed by order of the South Carolina Supreme Court dated October 28, 2010. The Remittitur was returned on November 15, 2010. Woods' motion for rehearing was denied by the South Carolina Supreme Court on December 3, 2010.

On or about January 14, 2011, Woods filed a petition for a writ of habeas corpus in the original jurisdiction of the South Carolina Supreme Court. He asserted that at trial the State failed to prove the essential elements of the crimes charged. On February 16, 2011, the South Carolina Supreme Court denied the petition because the issues presented had previously been addressed by the Court.

### Grounds for Relief

In his present petition, Woods asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:** Ineffective Assistance of Counsel

> Supporting Facts: Counsel failed to move for direct verdict at end of trail[sic]. Counsel failed to raised[sic] subject matter jurisdiction on appeal.

**Ground Two:** Court lacked subject matter jurisdiction.

> Supporting facts: Court enhanced indicitments[sic] at end of trail[sic] even though a counsel moved for a directed verdict.

### Discussion

Respondent asserts that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the Petitioner's conviction becomes final, not at the end of collateral review. <u>Harris v. Hutchinson</u>, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes

final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those rare instances where–due to circumstances external to the [Petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [Petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" preventing him from timely filing. Pace, 544 U.S. at 418. An attorney's mistake in calculating the filing date for a habeas petition relative to the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-337 (2007) ("Attorney miscalculation [of a deadline] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). *See also* Harris, 209 F.3d at 331.

Woods' conviction became final on December 30, 2002 with the return of the Remittitur after direct appeal. The statute of limitations was tolled on November 6, 2003 when Woods filed his first PCR. It remained tolled until January 16, 2008 when Woods' motion to recall the Remittitur following denial of the petition for writ of certiorari relating to his first PCR was denied. Woods' subsequent PCRs and his state habeas petition did not toll the statute of limitations because they were not "properly filed." Pace v. Diguglielmo, 544 U.S. 408 (2005). The envelope in which the present

7

petition was received by this Court shows that it was delivered for mailing to the institutional mail room on June 1, 2011. Using that date as the date of filing of the present petition, over four years of untolled time lapsed between the date Woods' conviction became final and the date he filed his petition in this Court. The petition is clearly untimely.

Woods does not address Respondent's statute of limitations argument in his Roseboro responses. Thus he does not attempt to invoke the doctrine of equitable tolling.

### Conclusion

Based on a review of the record, the undersigned concludes that the present petition is untimely. It is, therefore, recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

July 26, 2012

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).