**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Cedric Woods, #265789, | ) | |
| | ) | Civil Action No. 3:11-1353-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| John Pate, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

*Pro se* Petitioner Cedric Woods, a state prisoner, filed a Petition for Writ of Habeas Corpus [Dkt. No. 1] pursuant to 28 U.S.C. § 2254, challenging his convictions for first degree burglary, assault and battery of a high and aggravated nature, attempted armed robbery, and kidnaping. This matter is currently before the court on the Magistrate Judge's Report and Recommendation [Dkt. No. 27], filed on July 26, 2012, recommending the court grant Respondent John Pate's Motion for Summary Judgment [Dkt. No. 18]. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner timely filed objections [Dkt. No. 32] to the Magistrate Judge's Report and Recommendation. The court finds that the majority of Petitioner's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and primarily consist of a reassertion of the arguments made in his petition. However, Petitioner did specifically object to the Magistrate Judge's finding that his petition is untimely. Specifically, Petitioner contends that he should have been given the benefit of equitable tolling. However, Petitioner has presented no evidence or argument to this court as to why equitable tolling should apply to his case. Therefore, the court finds no merit in Petitioner's objection.

Accordingly, after a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 27], **GRANTS** Respondent's Motion for Summary Judgment [Dkt. No. 18], and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus [Dkt. No. 1] without an evidentiary hearing.

**CERTIFICATE OF APPEALABILITY**

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 29, 2012
Greenville, South Carolina